United States District Court
Southern District of Texas
**ENTERED**
May 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYJANE ALCARAZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-15-0337 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Maryjane Alcaraz filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Commissioner's final decision denying her request for social security benefits. Alcaraz and the Commissioner moved for summary judgment (Dkts. 15, 17). The court recommends that Alcaraz's motion be denied, and the Commissioner's motion be granted.

## Background

Alcaraz applied for social security disability benefits in June 2012 alleging disability since October 28, 2003. Her claims were denied at the initial and reconsideration levels. A hearing was held on July 31, 2013, and on November 7, 2013 the ALJ issued an unfavorable decision concluding Alcaraz is not disabled. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.

## Analysis

### A.    Legal Standards

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

**B.     The ALJ's Decision**

The ALJ followed the usual 5-step sequential analysis in reaching her decision.[1] The ALJ found that Alcaraz has the following severe impairments: upper back mass status post excision, obesity, diabetes mellitus with possible peripheral neuropathy, and depression. Her impairments do not meet or equal a listing in Appendix 1. The ALJ further found that Alcaraz has the residual functional capacity to perform light work, except that she is limited to simple, routine work that does not require more than occasional contact with the public. Based on this RFC and the testimony of a vocational expert, the ALJ concluded Alcaraz can not perform her past work, but can perform the available jobs of housekeeping cleaner, checker, and mail clerk, and thus is not disabled.

Alcaraz argues that the ALJ's decision should be reversed because (1) the determination of "possible peripheral neuropathy" is too vague to allow for meaningful review; and (2) the ALJ did not take into account her limitations due to obesity.

---

[1]     (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

***Peripheral neuropathy.*** The ALJ characterized Alcaraz's severe impairment as diabetes mellitus with *possible* peripheral neuropathy because she found that the diagnosis of peripheral neuropathy was not supported by objective medical evidence.[2] Nonetheless, the characterization does not affect Alcaraz's substantial rights because the ALJ considered all the medical evidence related to peripheral neuropathy when assessing Alcaraz's RFC. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (ALJ did not err in not explicitly finding severe impairment where he continued with sequential analysis and any error was harmless).

The diagnosis of a condition is not disabling *per se*, there must be evidence of functional loss establishing the inability to engage in substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). The ALJ cited records indicating that "examination of the feet showed no clinical deficits and intact neurologic system;" "the condition [was not] confirmed by diagnostic evidence such as EMG or nerve conduction study;" "the neuropathy was treated with prescribed medication;" and "there is no evidence of adverse side effects from treatment."[3] The record also includes plaintiff's statement in December 2011 that numbness in her right arm was due to the mass on her back, and progress notes from a May 2012 exam

---

[2]     Dkt. 7-3 at 18.

[3]     *Id.*

noting that her lower extremity edema was relieved by rest and elevation.[4] In April 2012, Alcaraz complained of numbness and tingling in her feet, but examination revealed no edema, "intact sensorium," and 5/5 muscle strength bilaterally. She was prescribed medication, told to maintain better control of her glucose, and referred to podiatry.[5]

The ALJ's conclusion that Alcaraz suffered from diabetes mellitus with possible peripheral neuropathy and is limited to light work, without further exertional limitations due to peripheral neuropathy, is supported by the record and not reversible error.

*Obesity.* The ALJ found that Alcaraz was morbidly obese throughout the period of alleged disability. She weighed 233 pounds at 5'2" tall with a BMI of 42.64 at her most recent examination in 2013.[6] At step 3, the ALJ found her obesity did not functionally equal a listing because it did not result in an inability to ambulate effectively, nor did it exacerbate multiple impairments involving the cardiovascular and/or pulmonary systems.[7] The ALJ took Alcaraz's obesity into consideration when

---

[4]     Dkt. 7-18 at 9, 13.

[5]     Dkt. 7-17 at 8-11.

[6]     Dkt. 7-3 at 18.

[7]     *Id.*

finding Alcaraz had the RFC to perform only light work (her previous work was at the medium exertion level).

"Light work" is defined by regulation 20 C.F.R. § 416.967(b) as follows:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time

In support of her contention that the ALJ failed to take into account her limitations due to obesity, Alcaraz points to evidence that she suffered "tightening" of the calves and knees after two to three blocks, possibly due to arthritis; shortness of breath after two to three blocks possibly due to obesity; and left lower extremity pain, possibly related to sciatica for which she needs to lose weight.[8] These symptoms however are largely self-reported, not based on medical testing or examination, and appear to be exacerbated by smoking.[9] The record also contains indicates that Alcaraz

---

[8]     Dkt. 7-20 at 28, 48.

[9]     *Id.*

denied shortness of breath to her healthcare providers.[10] In making the RFC determination, the ALJ also cited Alcaraz's activities of daily living, specifically that she prepared her own meals and cleaned house, and enjoyed going to garage sales and thrift stores with friends.[11] The evidence cited by Alcaraz is not dispositive of her ability to do light work. *See Patton v. Schweiker*, 697 F.2d 590, 593 and n.5 (5th Cir. 1983) (noting the regulation provides that to be considered capable of performing a full range of light work the claimant must be able to do *substantially* all of the activities listed; and that the walking/standing requirement is written in the disjunctive).

Further, the ALJ's credibility findings on a claimant's subjective complaints are entitled to deference. *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001). Here, the ALJ found Alcaraz's subjective complaints not entirely credible due to inconsistencies in her testimony. In addition, the ALJ noted that Alcaraz worked part-time during part of the period for which she alleges disability. While that work was not sufficient to render her ineligible for benefits at step 2 of the analysis, it is inconsistent with her allegations of limitations.

---

[10]     Dkt. 7-10 at 13, 40, 58.

[11]     Dkt. 7-3 at 18.

**Conclusion and Recommendation**

For the reasons discussed above, the court concludes that the ALJ's disability determination is not based on an improper legal standard and is supported by substantial evidence. The court recommends that Alcaraz's motion (Dkt. 15) be denied and the Commissioner's motion (Dkt. 17) be granted. It is further recommended that the Commissioner's decision denying benefits be affirmed.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. FED. R. CIV. P. 72.

Signed at Houston, Texas on May 4, 2016.

Stephen Wm Smith
United States Magistrate Judge